IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:15-cv-00349 |
| | ) | |
| ADVANCE AUTO PARTS, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Angela Nails, proceeding *pro se*, moves the court to reconsider its September 9, 2015 order denying her *in forma pauperis* status under 28 U.S.C. § 1915(a)(1). For the following reasons, the court will grant Nails *in forma pauperis* status, but will dismiss her complaint for lack of subject-matter jurisdiction.

I. BACKGROUND

On June 26, 2015, Nails filed a complaint against defendant Advance Auto Parts, alleging that one of its employees called her "a curse word" when she went inside one of its stores to ask for directions to a tire store. (Dkt. No. 2 at 1, Compl.). Nails seeks $40,000 in damages for the "harassment and embarrassment" that she allegedly suffered as a result of the employee's rudeness. (*Id.* at 2.)

With her complaint, Nails filed a motion for leave to proceed *in forma pauperis* under § 1915(a)(1). (Dkt. No. 2, Mot. for Leave to Proceed *in Forma Pauperis*.) The motion consisted of a preprinted form (AO 240), requesting information about her finances. (Dkt. No. 2 at 1–2.) She answered some, but not all, of the form's questions.

(*Id.*)  For example, in response to a question about her income, she stated that she received monthly Social Security benefits, but did not provide the amount of the benefits, as the form instructed.  (*Id.* at 1.)  And in response to questions about money and other things of value that she had in a checking or savings account or that she owned, she simply replied, "Ex[]empt," providing no explanation for why that may be so.  (*Id.* at 2.)

Because of these deficiencies, the court was unable to determine whether Nails could afford to pay the $400 filing fee.  It accordingly entered an order on June 29, 2015, denying her motion for leave to proceed *in forma pauperis*, but giving her 14 days to supplement her answers.  (Dkt. No. 3 at 1, June 29, 2015 Order.)

Nails did not supplement her answers within 14 days.  On her motion, however, the court granted her an additional 21 days to do so by order entered on July 16, 2015.  (Dkt. No. 5 at 1–2, July 16, 2015 Order.)  She again failed to supplement her answers within the time allotted.  Instead, she filed a "Motion Defendant Is Served," which merely read: "The request the Defendant is served."  (Dkt. No. 6 at 1, Mot.)  The court did not know what to make of this motion and thus denied it by order entered on September 9, 2015.  (Dkt. No. 7 at 1–2, Sept. 9, 2015 Order.)

Nine days later, on September 18, 2015, Nails filed a revised motion for leave to proceed *in forma pauperis* using the same preprinted form that she had used for her original motion.  (Dkt. No. 8 at 1–2, Revised Mot. for Leave to Proceed *in Forma Pauperis*.)  This time around, she answered more of the form's questions.  (*Id.*)  She has now provided, for instance, the amount of her monthly Social Security benefits ($1,002) and the amount of money that she has in her checking or savings account ($4).  (*Id.* at 2.) But she still has not answered the question about what things of value she owns, instead

2

responding, "Exempt by Virginia statute[] or personal exemptions." (*Id.*) She has not cited the Virginia statute or explained the personal exemptions that purportedly excuse her from answering the question. (*Id.*)

## II. DISCUSSION

### A. Nails qualifies for *in forma pauperis* status.

The court construes Nails's revised motion for leave to proceed *in forma pauperis* as a motion to reconsider its September 9, 2015 order under Federal Rule of Civil Procedure 59(e). While Nails still fails to answer all of the questions on the preprinted form, the court believes that she has provided enough information for it to determine whether she can afford to pay the filing fee.

According to her answers to the form's questions, Nails has a monthly income of $1,002, and monthly expenses of $1,049.86. (Dkt. No. 8 at 2.)[1] And she has just $4 in her checking or savings account. (*Id.*) Based on these figures, the court finds that she cannot afford to pay the filing fee. It will therefore grant her *in forma pauperis* status and allow her complaint to be filed without payment of the filing fee.

### B. The court lacks subject-matter jurisdiction over Nails's complaint.

Though Nails's complaint will be filed without payment of the filing fee, it must be dismissed for lack of subject-matter jurisdiction.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390

---

[1] On the preprinted form, Nails states that her monthly expenses total $1,149.86, but the expenses she provides add up to only $1,049.86. (Dkt. No. 8 at 2, Revised Mot. for Leave to Proceed *in Forma Pauperis*.) The court believes that this was simply a mistake of addition on her part. In any event, the court's determination as to whether she can afford to pay the filing fee is unaffected by the $100 difference.

(4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Hence, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.*

Generally speaking, a federal court has subject-matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332. The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999). If she cannot do so, then the court must dismiss her complaint. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

In this case, Nails alleges no basis for the court's subject-matter jurisdiction in her complaint. (Dkt. No. 2 at 1–2.) From her civil cover sheet, though, it appears that she is trying to invoke both federal-question jurisdiction and diversity jurisdiction. (Dkt. No. 2-1, Civil Cover Sheet.) While she did not mark any of the boxes in the "Basis of Jurisdiction" section, she did mark that she and Advance Auto Parts are citizens of different states in the "Citizenship of Principal Parties" section. (*Id.*) She also marked the "Constitutionality of State Statutes" box in the "Nature of Suit" section. (*Id.*) And lastly, she wrote "The plaintiff['s] right to shop with[out] being harass[ed]—Constitutional Violation" in the "Cause of Action" section. (*Id.*)

Accordingly, the court will address both federal-question and diversity jurisdiction.

4

### *(1) Nails's complaint does not raise a question of federal law.*

"The vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). In accordance with the well-pleaded complaint rule, federal-question jurisdiction does "not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Id.*

Here, no federal question appears on the face of Nails's complaint. She does not suggest, much less allege, a federal right or cause of action. (Dkt. No. 2 at 1–2.) And while she does allude to a constitutional "right to shop with[out] being harass[ed]" in her civil cover sheet (Dkt. No. 2-1), the court is not aware of any such right—at least not one under the circumstances presented here. Nails thus fails to establish federal-question jurisdiction.

### *(2) Nails's complaint does not satisfy the amount-in-controversy requirement.*

To establish diversity jurisdiction, a plaintiff must demonstrate that the parties are citizens of different states and that the amount in controversy exceeds $75,000. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Typically, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

In this case, Nails plainly fails to meet the amount-in-controversy requirement. In her complaint, she claims only $40,000 in damages. (Dkt. No. 2 at 2.) This figure falls

more than $35,000 short of the amount needed. Accordingly, she fails to prove diversity jurisdiction.

* * *

Because Nails fails to establish either federal-question or diversity jurisdiction, the court lacks subject-matter jurisdiction over her complaint.[2] It will therefore dismiss the complaint.

## III. CONCLUSION

For the foregoing reasons, the court will grant Nails *in forma pauperis* status, but will dismiss her complaint for lack of subject-matter jurisdiction.

An appropriate order will follow.

Entered: October 15, 2015.

*Elizabeth K. Dillon*
United States District Judge

---

[2] Even if this were not the case, the court would still be compelled to dismiss Nails's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because it plainly fails to state a claim upon which relief can be granted. The court can think of no state or federal claim that can be stated by merely alleging the uttering of an unknown "curse word." Nor is it required to do so. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (noting that a district court is not expected to assume the role of advocate for a *pro se* plaintiff).